UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re: BARBARA A. JOHNSTON

    Debtor.

Case No.: 10–13508–1–rel
Chapter: 13

---

In Re: BARBARA A. JOHNSTON

    Plaintiff,

vs.

JPMORGAN CHASE BANK, NA

    Defendant.

Adv. Proc. No.: 11–90018–1–rel

**ANSWER TO AMENDED COMPLAINT**

---

Defendant JPMorgan Chase Bank, NA ("Defendant"), by its attorneys Whiteman Osterman & Hanna LLP for its verified answer to the complaint herein, states as follows:

1. Defendant denies the allegations set forth in Paragraph 1 of the complaint.

2. With respect to the allegations set forth in Paragraph 2 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof.

3. With respect to the allegations set forth in Paragraph 3 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and

effect, and denies Plaintiff's characterizations thereof. Defendant otherwise denies the remaining allegations set forth in Paragraph 3 of the complaint.

4. With respect to the allegations set forth in Paragraph 4 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 4 of the complaint.

5. Defendant admits that Plaintiff purports to seek the relief requested in Paragraph 5 of the complaint, but denies that Plaintiff has any right to any such relief. Defendant otherwise refers the Court to the documents referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterization thereof.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6(a)-(d) of the complaint.

7. Defendant admits that Plaintiff purports to seek the relief requested in Paragraph 7 of the complaint, but denies that Plaintiff has any right to any such relief. Defendant otherwise denies the allegations set forth in Paragraph 7 of the complaint.

8. Defendant admits that Plaintiff purports to seek the relief requested in Paragraph 8 of the complaint, but denies that Plaintiff has any right to any such relief. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the complaint.

9. With respect to the allegations set forth in Paragraph 9 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and

effect, and denies Plaintiff's characterizations thereof. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the complaint.

10. Defendant denies the allegations set forth in Paragraph 10(a)-(d) of the complaint.

11. With respect to the allegations set forth in Paragraph 11 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant otherwise denies the allegations set forth in Paragraph 11 of the complaint.

12. With respect to the allegations set forth in Paragraph 12 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof.

13. With respect to the allegations set forth in Paragraph 13 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant otherwise denies the allegations set forth in Paragraph 13 of the complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the complaint.

15. With respect to the allegations set forth in Paragraph 15 of the complaint,

Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof.

16. Defendant denies the allegations set forth in Paragraph 16 of the complaint.

17. With respect to the allegations set forth in Paragraph 17 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant otherwise denies the allegations set forth in Paragraph 17 of the complaint.

18. With respect to the allegations set forth in Paragraph 18 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant otherwise denies the allegations set forth in Paragraph 18 of the complaint.

19. With respect to the allegations set forth in Paragraph 19 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant admits the allegations regarding its standing as a creditor set forth in Paragraph 19 of the complaint.

20. With respect to the allegations set forth in Paragraph 20 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant admits the allegations that Plaintiff owes it a debt as set forth in Paragraph 20 of the complaint.

21. With respect to the allegations set forth in Paragraph 21 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof.

22. With respect to the allegations set forth in Paragraph 22(a)-(e) of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22(a)-(e) of the complaint.

23. With respect to the allegations set forth in Paragraph 23 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant refers the Court to the statutes and/or regulations referenced therein for determination of their content, meaning and effect, and denies Plaintiff's characterizations thereof. Defendant otherwise denies the

allegations set forth in Paragraph 23 of the complaint.

24. Defendant admits that it acquired certain of Washington Mutual's assets, including all of its loans and loan commitments, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of the complaint.

25. Defendant admits that it entered a Purchase and Assumption Agreement with the FDIC to acquire certain of Washington Mutual's assets, including all of its loans and loan commitments, but denies the remaining allegations set forth in Paragraph 25 of the complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the complaint.

27. With respect to the allegations set forth in Paragraph 27 of the complaint, Defendant refers the Court to the documents referenced therein for determination of their content, meaning and effect, and denies Plaintiffs' characterization thereof. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the complaint.

28. Defendant admits the allegations set forth in Paragraph 28 of the complaint.

29. With respect to the allegations set forth in Paragraph 29 of the complaint, Defendant states that such allegations set forth conclusions of law for which no responsive pleading is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 29 of the complaint.

30. With respect to the allegations set forth in the subparagraph 1 of the Wherefore clause of the complaint, Defendant admits that Plaintiff purports to seek the relief requested therein, but denies that Plaintiff has any right to any such relief.

31. With respect to the allegations set forth in the subparagraph 2 of the Wherefore clause of the complaint, Defendant admits that Plaintiff purports to seek the relief requested therein, but denies that Plaintiff has any right to any such relief. Defendant otherwise denies the allegations set forth therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred, in whole or in part, by the Statute of Limitations.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. The complaint fails to state a claim or cause of action upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred by documentary evidence.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment dismissing the complaint in its entirety, awarding it the costs, disbursements and attorneys' fees incurred in this proceeding and awarding it such other relief as this Court shall deem just, proper or equitable.

Dated: Albany, New York
      March 14, 2011

                          WHITEMAN OSTERMAN & HANNA LLP

                By:    */s/John J. Henry*
                          _____
                          John J. Henry, Esq. (507445)
                          Attorneys for Defendant JPMorgan Chase Bank,
                              NA
                          One Commerce Plaza
                          Albany, New York 12260
                          (518) 487-7600

TO:     Barbara Ann Johnston
         Plaintiff Pro Se
         17 Rosemary Drive
         Schenectady, New York 12304

         Ronald J. Kim, Esq.
         Law Offices of Ronald J. Kim, Esq.
         Attorney for Debtor-Plaintiff in Related Bankruptcy Proceeding
         36 Long Alley, Suite 101
         P.O. Box 318
         Saratoga Springs, New York 12866
         (518) 581-8416